***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Adrian A. Phillips and the briefs and arguments on appeal. The appealing party has shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner's Opinion and Award. Accordingly, the Full Commission hereby REVERSES the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission that has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and that there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the time of the alleged injury and/or occupational disease and an employee-employer relationship existed between the parties.
4. At the time of the incident giving rise to this claim, Specialty Risk Services was the carrier on the risk.
5. Plaintiff sustained an injury on or about 26 May 2001 and Defendants have accepted this claim pursuant to an Industrial Commission Form 60.
6. Plaintiff's average weekly wage on the relevant dates was $688.68, yielding a compensation rate of $459.14.
7. Plaintiff last worked defendant-employer on 15 April 2002.
8. In addition to the foregoing, the parties stipulated to the following documents:
a. Plaintiff-Employee's medical records.
b. Defendant's response to discovery and documents produced therewith.
c. All Forms filed with the Industrial Commission, including Forms 18, 19, 33, 33R, 60, 61, 62 and 63, and all Motions filed with the Industrial Commission and Orders regarding the same.
d. All of Plaintiff-Employee's employment records, personnel records or other documents from defendant-employer.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer to his ribs on 26 May 2001. Defendants admitted the compensability of this incident and plaintiff's rib injury through the filing of an Industrial Commission Form 60.
2. Subsequent to his admittedly compensable injury by accident, plaintiff sought medical treatment and was diagnosed as having sustained a contusion, an intercostal strain and intercostal neuritis. Intercostal refers to the muscles or spaces between the ribs. Additionally, plaintiff was released immediately to return to light-duty work with restrictions of not pushing or pulling over twenty (20) pounds. This weight amount was later reduced to ten (10) pounds.
3. Plaintiff's treating physician eventually assigned a fifteen percent (15%) permanent partial impairment rating to his left arm.
4. Thereafter, plaintiff returned to and continued to work for defendant-employer. The position to which plaintiff returned to work was Fashion Bath Specialist, the title of the position in which he was working at the time of his injury by accident. The job description for this position states that someone working in this job would be required to "handle" items weighting as much as fifty (50) pounds.
5. Regarding plaintiff's restrictions and the requirements of his "light duty job", defendants assert that his restrictions were accommodated. However, there is no credible evidence of record upon relating to any specific modifications or purported accommodations made by defendants. Moreover, plaintiff, whose testimony is accepted as credible, testified that his supervisors and co-workers often complained and expressed frustration regarding his lifting restrictions following his return to work.
6. On 15 April 2002, plaintiff reported to work approximately thirty-five (35) minuets prior to the start of his shift. Plaintiff took this time to approach Ms. Kyndall McNnair, defendant-employer's assistant manager, to discuss his concerns regarding his restrictions not being complied with and the problems this was creating. Ms. McNair then asked Ms. Audra Benfield, defendant-employer's personnel training coordinator, to join the discussion. During the meeting, plaintiff testified that Ms. McNair was rude and that she thrust her hand into his face. Ms. McNair testified that it was plaintiff who was rude and that he also displayed threatening behavior. Following this meeting, plaintiff was terminated for the stated reason of being insubordinate.
7. Pursuant to the credible evidence of record, it is defendant-employer's policy to have a witness present when disciplinary action is taking place. Therefore, the reasonable inference from Ms. McNair securing a witness prior to the meeting, which was requested by plaintiff, is that she planned to discipline plaintiff even before the meeting commenced. Based upon this and the entire record of credible evidence, the Full Commission gives great weight to plaintiff's testimony regarding the circumstances of his termination as opposed to that of Ms. McNair, which is given less weight.
8. Based upon the credible evidence of record, defendants have failed to prove that plaintiff's termination was for misconduct or fault for which a non-disabled employee would also have been terminated. In fact, the credible evidence of record supports a finding that plaintiff's termination was directly related to his assigned light duty work restrictions and defendant-employer's inability to reasonably accommodate those restrictions. Accordingly, plaintiff did not constructively refuse suitable work.
9. As the result of his 26 May 2001 injury by accident, plaintiff has been unable to earn any wages in any employment for the period of 16 April 2002 through the present and continuing.
10. There is insufficient evidence upon which to find that defendants' actions in defense of this case were based upon stubborn, unfounded litigiousness.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 26 May 2001, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Based upon the credible evidence of record, defendants have failed to prove that plaintiff's termination was for misconduct or fault for which a non-disabled employee would also have been terminated. Seagraves v. Austin Company of Greensboro,123 N.C. App. 228, 472 S.E.2d 397 (1996). Accordingly, plaintiff did not constructively refuse suitable work. Id.; N.C. Gen. Stat. §97-32.
3. As the result of his 26 May 2001 injury by accident, plaintiff is entitled to have defendants pay to him ongoing total disability compensation at the rate of $459.14
per week for the period of 16 April 2002 through the present and continuing until such time as he returns to work, or further Order of the Industrial Commission. N.C. Gen. Stat. § 97-32.
4. As the result of his 26 May 2001 injury by accident, plaintiff has sustained a fifteen percent (15%) permanent partial impairment rating to his left arm. N.C. Gen. Stat. § 97-31(24).
5. As the result of his 26 May 2001 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses incurred or to be incurred. N.C. Gen. Stat. §§97-25; 97-25.1.
6. Because there is insufficient evidence upon which to find that defendants' actions in and defense of this case were based upon stubborn, unfounded litigiousness, plaintiff is not entitled to sanctions or attorney's fees pursuant to N.C. Gen. Stat. §97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $459.14 per week for the period of 16 April 2002 through the present and continuing until such time as he returns to work, or further Order of the Industrial Commission. From the amounts having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendants shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his 26 May 2001 injury by accident.
3. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER